In re Edward L. WINTROUB, a/k/a Edward L. Wintroub P.C., f/d/b/a Wintroub, McCrary, Lunz, Jersey, f/d/b/a Wintroub, Rinden, Sens & McCrary, f/d/b/a Wintroub, Rinden, Sens; and Pamela Jeannie Wintroub, a/k/a Jeanie Wintroub, Debtors.

Ronald S. Bergman, D.O., Creditor—Appellant,

v.

Edward L. Wintroub and Pamela Jeanie Wintroub, Debtors— Appellees.

No. 02–6032 NE.

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Oct. 25, 2002.

John D. Sens, Eden Prairie, MN, for appellant.

### Order Denying Motion for Rehearing

Ronald S. Bergman, D.O. ("Creditor") seeks a rehearing after this Panel issued

its Opinion affirming the bankruptcy court's order denying the Creditor's request for relief from the automatic stay of 11 U.S.C. § 362 to pursue a claim for reimbursement against a professional disciplinary commission fund. We decline to grant a new hearing.

The issue on appeal was whether the bankruptcy court abused its discretion when it denied the Creditor's motion for relief from the automatic stay of 11 U.S.C. § 362 to prosecute a claim against a professional disciplinary commission fund. We concluded that the bankruptcy court did not abuse its discretion when it denied the Creditor's request for relief from the automatic stay. In the motion for rehearing, the Creditor seeks a ruling that the automatic stay does not prohibit the commencement or prosecution of a claim against a third party, namely the Iowa Client Security Fund ("Fund"). We disagree. Implicit in our decision affirming the bankruptcy court's decision not to modify the automatic stay was the conclusion that the automatic stay applied to the prosecution of the Creditor's claim. A claim against the Fund cannot exist in a vacuum. Rather, the Creditor's claim is a pre-petition claim against the debtor based on alleged wrongdoing by the debtor which falls squarely within the ambit of 11 U.S.C. § 362(a)(1). The fact that the Creditor seeks limited relief from the automatic stay to pursue recovery from the Fund and not from the financial resources of the debtor or the estate does not change the nature of the claim nor does it remove the claim from the scope of the automatic stay.

We again invite the Creditor to file a new motion for relief from the automatic stay in light of the conversion of the debtor's case from Chapter 11 to Chapter 7. The reasons for declining to modify the stay to permit litigation to proceed in another forum in a Chapter 11 context—namely the burden on the debtor and the estate and the consequent distractions from efforts to reorganize—do not exist in the context of a Chapter 7 liquidation. We see no reason why the Creditor would not succeed on such a motion.

It is therefore **ORDERED** that the Motion for Rehearing is **DENIED.**